## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

|  |  |
|---|---|
| BENJAMIN D. TARVER,<br><br>Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, N.A.,<br><br>Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Case No. 6:26-CV-01354-
AGM- DCI

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, BENJAMIN D. TARVER ("Plaintiff"), sues Defendant BANK OF AMERICA, N.A.
("Defendant"), and alleges:

## INTRODUCTION

1. This is a consumer financial protection action arising from Defendant Bank of America, N.A.'s
handling of an electronic fund transfer dispute involving Plaintiff's personal consumer checking
account.

2. Plaintiff reported an alleged ATM error involving a $983.50 transaction, Defendant opened a
claim, Defendant issued provisional credit, and Defendant later reversed the provisional credit.

3. Plaintiff alleges that Defendant failed to comply with the error-resolution and provisional-credit
reversal procedures required by the Electronic Fund Transfer Act and Regulation E.

4. Plaintiff also alleges that Defendant engaged in repeated personal-to-business setoffs by removing funds from Plaintiff's personal consumer deposit accounts and applying those funds to separate business credit card obligations without adequate advance notice, explanation, or meaningful opportunity to dispute the withdrawals.

5. Plaintiff seeks actual damages, statutory damages, costs, declaratory relief, and all other relief available under applicable law.

## PARTIES

6. Plaintiff, Benjamin D. Tarver, is a natural person and resident of the State of Florida.

7. Defendant Bank of America, N.A. is a national banking association with its principal place of business at 100 North Tryon Street, Charlotte, North Carolina 28255.

8. Defendant conducts substantial business within the State of Florida and within the Middle District of Florida.

9. Defendant may be served through its registered agent, CT Corporation System, 1200 South Pine Island Road, Plantation, Florida 33324.

## JURISDICTION AND VENUE

10. This Court has federal question jurisdiction pursuant to 28 U.S.C. §1331 because this action arises under the Electronic Fund Transfer Act, 15 U.S.C. §1693 et seq., and Regulation E, 12 C.F.R. Part 1005.

11. This Court has authority to grant declaratory relief pursuant to 28 U.S.C. §2201 and §2202.

12. Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. §1391 because a substantial part of the events giving rise to Plaintiff's claims occurred within this District,

Plaintiff resides in this District, and the transaction at issue involved an ATM in Orlando, Florida.

## FACTUAL ALLEGATIONS

13. Plaintiff maintained personal consumer checking accounts with Defendant ending in 5536 and 8384.

14. The checking accounts were personal consumer deposit accounts, not business deposit accounts.

15. The accounts were used primarily for personal, family, or household purposes.

16. Plaintiff also maintained relationships with Defendant involving three separate business credit card accounts ending in 1081, 7266, and 8314.

17. Plaintiff was a personal guarantor on those business credit card accounts.

18. On April 7, 2026, Defendant notified Plaintiff that it intended to add an arbitration provision to its Online Banking Service Agreement.

19. The notice informed consumers that they could opt out of the arbitration provision within sixty days.

20. Plaintiff exercised his right to opt out of the proposed arbitration provision on April 7, 2026.

21. Plaintiff timely rejected the proposed arbitration amendment.

## ATM DISPUTE

22. On April 15, 2026, a transaction in the amount of $983.50 occurred involving a TD Bank ATM in Orlando, Florida.

23. The transaction involved Plaintiff's personal consumer checking account.

24. On April 23, 2026, Plaintiff notified Defendant of an alleged error involving the transaction.

25. Defendant opened Claim No. 260423537331.

26. On or about May 5, 2026, Defendant issued a provisional credit relating to the claim.

27. On or about May 7, 2026, Defendant informed Plaintiff that the claim had been submitted to the merchant's bank and remained under review.

28. Defendant's communications indicated that the investigation process remained ongoing.

29. Defendant later denied the claim.

30. On June 18, 2026, Defendant reversed the provisional credit in the amount of $983.50.

31. The reversal substantially increased the negative balance in Plaintiff's account.

32. Plaintiff did not receive a Regulation-E-compliant written explanation adequately identifying Defendant's findings and the basis for denying the claim.

33. Plaintiff did not receive a meaningful written explanation sufficient to allow him to understand why Defendant concluded that no error occurred.

34. Plaintiff did not receive clear notice of his right to request the documents Defendant relied upon in making its determination.

35. Plaintiff was not provided the documents Defendant relied upon in denying the claim before the provisional credit was reversed.

36. Plaintiff did not receive a Regulation-E-compliant notice regarding the reversal of provisional credit and the date and amount of any debiting of the account.

37. Plaintiff did not receive all procedural protections required by Regulation E before Defendant reversed the provisional credit.

38. Defendant's handling of the dispute caused Plaintiff financial harm, loss of use of funds, inconvenience, confusion, stress, and emotional distress.

## PERSONAL-TO-BUSINESS SETOFFS

39. Plaintiff's checking accounts ending in 5536 and 8384 were personal consumer accounts.

40. Defendant made multiple setoffs from Plaintiff's personal consumer checking accounts and applied those funds to business credit card obligations.

41. On June 9, 2025, Defendant removed $239.09 from account ending in 8384 and applied the funds to business account ending in 7266.

42. On June 11, 2025, Defendant removed $1,087.08 from account ending in 8384 and applied the funds to business account ending in 8314.

43. On June 24, 2025, Defendant removed $440.27 from account ending in 8384 and applied the funds to business account ending in 1081.

44. On October 16, 2025, Defendant removed $87.13 from account ending in 5536 and applied the funds to business account ending in 1081.

45. On November 25, 2025, Defendant removed $530.55 from account ending in 5536 and applied the funds to business account ending in 1081.

46. On November 25, 2025, Defendant removed $376.09 from account ending in 5536 and applied the funds to business account ending in 7266.

47. On February 26, 2026, Defendant removed $249.66 from account ending in 5536 and applied the funds to business account ending in 8314.

48. Plaintiff did not receive advance notice before the foregoing setoffs occurred.

49. Plaintiff did not receive a separate explanation identifying the contractual basis for each setoff.

50. Plaintiff was not provided a meaningful opportunity to dispute the setoffs before funds were removed.

51. The setoffs caused financial disruption, loss of use of funds, inconvenience, stress, and uncertainty.

52. Plaintiff does not assert a separate standalone cause of action for the setoffs in this Complaint.

53. Plaintiff pleads the setoff facts as part of the factual background, damages narrative, and request for declaratory relief concerning Defendant's account practices and procedures.

**COUNT I**
**Violation of the Electronic Fund Transfer Act and Regulation E**
**15 U.S.C. §1693 et seq.; 12 C.F.R. §1005.11**

54. Plaintiff realleges paragraphs 1 through 38 as if fully set forth herein.

55. Plaintiff maintained a personal consumer checking account with Defendant.

56. Plaintiff's checking account was an "account" covered by the Electronic Fund Transfer Act and Regulation E.

57. The April 15, 2026 ATM transaction was an electronic fund transfer covered by the Electronic Fund Transfer Act and Regulation E.

58. Plaintiff reported an alleged error concerning the April 15, 2026 ATM transaction.

59. Defendant opened Claim No. 260423537331.

60. Defendant issued provisional credit during its investigation.

61. Defendant later denied the claim and reversed the provisional credit on June 18, 2026.

62. Regulation E requires a financial institution to investigate alleged errors and determine whether an error occurred within the time required by 12 C.F.R. §1005.11(c).

63. Regulation E requires a financial institution that determines no error occurred or that a different error occurred to provide a written explanation of its findings. 12 C.F.R. §1005.11(d)(1).

64. Regulation E requires the financial institution to note the consumer's right to request the documents that the institution relied upon in making its determination. 12 C.F.R. §1005.11(d)(1).

65. Regulation E further requires the financial institution, upon request, to promptly provide copies of the documents relied upon in making its determination. 12 C.F.R. §1005.11(d)(2).

66. When a financial institution provisionally credits a consumer's account and later determines that no error occurred, Regulation E requires the institution to notify the consumer of the date and amount of the debiting of the provisional credit. 12 C.F.R. §1005.11(e).

67. Defendant failed to provide a Regulation-E-compliant written explanation of its findings.

68. Defendant failed to adequately identify the basis for its denial of Plaintiff's claim.

69. Defendant failed to clearly notify Plaintiff of his right to request the documents Defendant relied upon in making its determination.

70. Defendant failed to provide all procedural protections required before reversing the provisional credit.

71. Defendant failed to provide a Regulation-E-compliant notice regarding the date and amount of the provisional-credit reversal.

72. Defendant's reversal of the provisional credit substantially increased the negative balance in Plaintiff's account.

73. Defendant's conduct violated the Electronic Fund Transfer Act and Regulation E.

74. Plaintiff suffered actual damages, loss of use of funds, inconvenience, stress, confusion, and emotional distress as a result of Defendant's conduct.

75. Plaintiff is entitled to actual damages, statutory damages, costs, and other relief available under the Electronic Fund Transfer Act.

## COUNT II
### Declaratory Judgment
### 28 U.S.C. §2201

76. Plaintiff realleges paragraphs 1 through 53 as if fully set forth herein.

77. An actual controversy exists between Plaintiff and Defendant concerning Defendant's rights, obligations, and procedures.

78. Plaintiff contends that Defendant failed to comply with Regulation E in connection with the investigation, denial, and reversal of the provisional credit associated with Claim No. 260423537331.

79. Plaintiff contends that Defendant failed to provide a Regulation-E-compliant written explanation of its findings.

80. Plaintiff contends that Defendant failed to provide a Regulation-E-compliant notice concerning the reversal of provisional credit.

81. Plaintiff contends that Defendant failed to provide clear notice of Plaintiff's right to request the documents Defendant relied upon in denying the claim.

82. Plaintiff further contends that Defendant's repeated personal-to-business setoffs from personal consumer checking accounts were improper, inadequately explained, and unsupported by adequate notice, explanation, or meaningful opportunity to dispute the withdrawals.

83. Defendant disputes or is expected to dispute Plaintiff's contentions.

84. A judicial declaration will clarify the legal rights and obligations of the parties and resolve the controversy.

85. Plaintiff seeks a declaration that Defendant's procedures and conduct violated applicable law and failed to provide Plaintiff with required notices, explanations, and procedural protections.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that the Court enter judgment in favor of Plaintiff

and against Defendant as follows:

(a) Award actual damages authorized by applicable law;

(b) Award statutory damages authorized by applicable law;

(c) Award consequential damages where recoverable;

(d) Award emotional distress damages where recoverable;

(e) Enter appropriate declaratory relief pursuant to 28 U.S.C. §2201;

(f) Award costs of suit;

(g) Award pre-judgment and post-judgment interest where permitted by law; and

(h) Award such other and further relief as the Court deems just and proper.

Respectfully submitted,

BENJAMIN D. TARVER
450 South Orange Ave, 3rd Floor
Orlando, FL  32801
T: 407-308-2968
E: litigation@civilfilings.com

Dated: June 21, 2026

*Plaintiff, Pro Se*