# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

BENJAMIN D. TARVER,                          CASE NO. 26-CV-01354-AGM-DCI

       Plaintiff,

vs.

BANK OF AMERICA, N.A.,

       Defendant.

_____/

## BANK OF AMERICA N.A.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendant, Bank of America, N.A. ("BANA" or "Defendant"), by and through undersigned counsel and pursuant to Rule 12 of the Federal Rules of Civil Procedure, respectfully files its Motion to Dismiss ("Motion") the Complaint filed by Plaintiff Benjamin D. Tarver ("Plaintiff"). In support thereof, BANA states as follows:

## I.    SUMMARY OF FACTUAL ALLEGATIONS

Plaintiff alleges that on April 15, 2026, an ATM transaction in the amount of $983.50 "occurred" involving a TD Bank ATM in Orlando, Florida. Compl. at ¶ 22. According to Plaintiff, the ATM transaction was erroneous, but Plaintiff did not allege why. *See generally*, *id.*  Plaintiff alleges that he notified BANA of the "error" on April 23, 2026. *Id.* at ¶ 24.

**CASE NO: 26-CV-01354-AGM-DCI**

Upon receiving notice, on or about May 5, 2026, BANA issued provisional credit to Plaintiff in the amount of $983.50. *Id*. at ¶ 26. After reviewing the transaction, BANA reversed the provisional credit on June 18, 2026, and denied Plaintiff's error claim. *Id*. at ¶¶ 29, 30. As support, BANA provided a denial letter (which is attached to the complaint), explaining that "TD BANK ORLANDO FL provided documentation showing the transaction is valid, and we've included it for your records."[1] (ECF No. 1-1) at p. 2. The TD Bank document attached to the BANA letter shows all of the ATM transactions at the specific ATM that processed Plaintiff's transaction. *See id*. at p. 3. A black box appears around Plaintiff's transaction to point Plaintiff's attention to the transaction at issue. *Id*. Along with the transaction sheet, TD Bank provided a code sheet, signifying that the code "000" means "approved" and "cash dispensed." *Id*. at p. 4. Notably, the top row of Plaintiff's ATM transaction includes the code "000/APPROVED." *Id*. at p. 3.

| 7869 | 04/15 16:34:09 1D01D0 /WD FROM CK | 0D0/APPROVED | 1 NCD/TSUR: | 3.50CR TRAN: 840 | 983.50CR |
| CIRRUS/MSO | 00  123942  7 000000003292  04/15 | 9640149244 | PROC: | 0.000CR SETL: 840 | 983.50CR |
| | CIRRUS | 04/15 | 9000002260  M  D  TRAN: | 0.000CR FROM: 840 | 0.00CR |
| | 5 0 | 0 | NCD/SSUR: | 3.50CR TO  : 840 | 0.00CR |
| TRACE NUM 003292  SETL DATE 0416 ORIG ID | SWI AMT | 0.00DR  ICF SWI POST DATE 260416 | | | |

Plaintiff also disputes a second set of transactions, alleging that BANA made several set-off transfers from Plaintiff's personal checking accounts to Plaintiff's business accounts. *See Compl*. at ¶¶ 39- 47. Plaintiff alleges that BANA did not

---

[1] BANA's denial letter to Plaintiff is incorporated into the complaint. Pursuant to the Fed. R. Civ. P. 10(c), "[a] copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." *See also* ECF No. 1-1.

CASE NO: 26-CV-01354-AGM-DCI

identify the contractual basis for each set-off. *Id*. at ¶ 49. However, Plaintiff also clarified that he does not assert a separate cause of action for set-offs in the Complaint, and that the set-off facts are pled "as part of the factual background, damages narrative, and request for declaratory relief concerning Defendant's account practices and procedures." *Id*. at ¶¶ 52, 53. Plaintiff also incorporates only paragraphs 1-39 in his EFTA claim (Count I). Therefore, the allegations regarding set-offs should not be considered as a part of Plaintiff's Electronic Funds Transfer Act ("EFTA") claim.[2]

## II.    STANDARD OF REVIEW

In order to survive a motion to dismiss, a plaintiff must articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Merely reciting "labels and conclusions" will not be enough to survive a motion to dismiss. *Id*. When no construction of the factual allegations of a complaint will

---

[2] As further support, set-off transfers are specifically excluded from the definition of an Electronic Fund Transfer. *See* 12 C.F.R. 1005.3(c)(5)(excluding from the EFTA certain automatic transfers within the financial institution) ; *see also Neal v. Pentagon Fed. Credit Union*, Case No. ELH-18-451, 2019 U.S. Dist. LEXIS 145119, at *50-51 (D. Md. Aug. 27, 2019) (finding that credit union's unilateral transfer of funds from plaintiff's deposit account to plaintiff's loan account, pursuant to promissory note authorizing transfers to satisfy debt obligations, fell outside the scope of the EFTA).

**CASE NO: 26-CV-01354-AGM-DCI**

support the cause of action, dismissal is appropriate. *Campos v. INS*, 32 F. Supp. 2d 1337, 1343 (S.D. Fla. 1998).

## III.    ARGUMENT

### A. Plaintiff Has Not Stated a Plausible Claim For Relief For Violation of The Electronic Fund Transfers Act ("Count I").

#### 1.    Plaintiff Did Not State What Error Occurred.

Under the Error Resolution section of the Electronic Fund Transfers Act (hereafter, "EFTA"), in order to trigger a financial institution's investigation into an alleged error, a consumer must provide oral or written notice to the financial institution that (1) enables the financial institution to identify the consumer's name and account number; (2) indicates the consumer's belief that their account contains an error; and (3) "**sets forth the reasons for the consumer's belief . . . that an error has occurred.**" 15 U.S.C. § 1693f(a)(1), (2), (3) (emphasis added). The term "error" is a legal term of art. *See* 15 U.S.C. § 1693f(f).

Here, Plaintiff does not allege what error occurred for the $983.50 ATM transaction on April 15, 2026. *See* Compl. at ¶ 22. Instead, Plaintiff merely alleges that "Plaintiff notified BANA of an alleged error involving the transaction." *Id*. at ¶ 24. Under the EFTA, Plaintiff is required to explain his basis for believing that an error occurred. *See* 15 U.S.C. § 1693f(a)(3). Otherwise, the financial institution can only guess as to what basis Plaintiff is claiming to dispute the transaction. The term "error" could mean several distinct scenarios, including an unauthorized

CASE NO: 26-CV-01354-AGM-DCI

electronic fund transfer, an incorrect transfer, a computational error, or the receipt of an incorrect amount of money. *See* 15 U.S.C. § 1693f(f)(1), (2), (4), (5). Here, Plaintiff has failed to allege the existence of an "error." Thus, Plaintiff has not stated a claim for relief under the EFTA in Count I of the Complaint.

### 2. BANA's denial letter to Plaintiff plainly complies with the requirements of the EFTA.

When a financial institution determines that no error occurred, it must deliver to the consumer "a written explanation of the institution's findings and shall note the consumer's right to request the documents that the institution relied on in making its determination." 12 C.F.R. § 1005.11. Plaintiff alleges that "Defendant failed to adequately identify the basis for its denial of Plaintiff's claim," Compl. at ¶ 68, and "Defendant failed to clearly notify Plaintiff of his right to request the documents Defendant relied upon in making its determination." *Id*. at ¶ 69.

Plaintiff's allegations are plainly contrary to the BANA denial letter attached to the Complaint. The BANA denial letter states "TD BANK ORLANDO FL provided documentation showing the transaction is valid, and we've included it for your records." *See* (ECF No. 1-1) at p. 2. In other words, BANA determined that the transaction is valid and provided the basis for its determination as well as supporting documentation. Also, not only did BANA advise Plaintiff of his right to request documents supporting BANA's determination, but BANA also enclosed

**CASE NO: 26-CV-01354-AGM-DCI**

the supporting document that formed the basis for BANA's conclusion. Therefore, BANA complied with the error resolution requirements of the EFTA in its written explanation for the denial. Plaintiff's claim for violation of the EFTA in Count I should be dismissed *with prejudice*, as any amendment would be futile.

**B. The Complaint Fails to State a Claim for Declaratory Judgment ("Count II").**

### 1. The Declaratory Judgment Claim Is Duplicative of the EFTA Claim.

"A party seeking a declaratory judgment must show the existence of an actual controversy between the parties, a term which holds a similar meaning as the cases and controversies requirement of Article III to the United States Constitution." *Sec. Nat'l Ins. Co. v. Hendrik Uiterwyk, P.A.*, 725 F. Supp. 3d 1308, 1315-16 (M.D. Fla. 2024) (internal citations omitted). "Beyond this threshold requirement, district courts have significant discretion in deciding whether to entertain a declaratory judgment action." *Id.* (citing *Smith v. Casey*, 741 F.3d 1236, 1244 (11th Cir. 2014) ("Since its inception, the Declaratory Judgment Act has been understood to confer on federal courts a unique and substantial discretion in deciding whether to declare the rights of litigants.")); *see also* 28 U.S.C. § 2201(a) (providing that district courts "may" exercise jurisdiction over a declaratory judgment claim).

Courts decline jurisdiction when declaratory judgment claims are duplicative of other claims. *See Mena Catering v. Scottsdale Ins. Co.*, 512 F. Supp. 3d

**CASE NO: 26-CV-01354-AGM-DCI**

1309, 1322-23 (S.D. Fla. 2021) (collecting cases and concluding that "[d]eclaratory judgment claims that functionally seek adjudication on the merits of a breach of contract claim are duplicative and cannot stand."); *Sec. Nat'l Ins. Co.*, 725 F. Supp. 3d at 1316; *Butta v. GEICO Cas. Co.*, 400 F. Supp. 3d 225, 231, (E.D. Pa. 2019) (finding that duplicative declaratory judgment claims are barred in federal court to avoid piecemeal litigation and promote judicial economy; also finding plaintiff's declaratory judgment claim is duplicative of his breach of contract claim).

Here, Plaintiff alleges a claim for declaratory judgment (Count II) concerning BANA's rights and obligations under the EFTA. Compl. at ¶ 77. In the declaratory judgment claim, Plaintiff again contends that BANA failed to comply with the EFTA because BANA allegedly failed to provide a regulation-compliant written explanation of its findings, notice concerning reversal of provisional credit, and notice of Plaintiff's right to request documents BANA relied upon in denying the error claim. *Id.* at ¶¶ 79, 80, 81. These allegations are entirely duplicative of the allegations in Plaintiff's EFTA claim against BANA under Count I. *See id.* at ¶¶ 63-70. Accordingly, the Court should dismiss Plaintiff's declaratory judgment claim *with prejudice*, as it duplicative of the EFTA claim and any further amendment would be futile.

**LIEBLER, GONZALEZ & PORTUONDO**
Courthouse Tower - 25th Floor, 44 West Flagler Street, Miami, FL 33130 (305) 379-0400

CASE NO: 26-CV-01354-AGM-DCI

### 2. Any Matters Outside the Scope of the EFTA Claim Are Governed by Contract and the Declaratory Judgment Claim is Improper.

With respect to the allegations about set-off transactions, Plaintiff is requesting that the Court declare that BANA could not set-off funds from Plaintiff's personal accounts to Plaintiff's business accounts. Compl. at ¶ 82. Whether BANA is able to do so is governed by the Deposit Agreement that Plaintiff and BANA entered into when the accounts were opened. Plaintiff himself acknowledges that this is a contractual dispute, as Plaintiff alleges that he did not receive an explanation identifying the contractual basis for each setoff. *Id.* at ¶ 49.

Courts have routinely dismissed claims for declaratory judgment when it is duplicative of a breach of contract claim. *Berkower v. USAA Cas. Ins. Co.*, No. 15-23947-CIV, 2016 U.S. Dist. LEXIS 118223, at *13 (S.D. Fla. Sep. 1, 2016); *Ministerio Evangelistico Int'l v. United Specialty Ins. Co.*, No. 16-25313-CIV, 2017 U.S. Dist. LEXIS 52151, at *5 (S.D. Fla. Apr. 5, 2017) (dismissing declaratory judgment claim because "[Plaintiff] is effectively seeking a judgment concerning the amount of damages—relief already fully accessible to [Plaintiff] under its breach of contract claim."). The facts here are similar to that in *Ministerio*, as Plaintiff could instead simply bring a claim for breach of contract if he believes that a contractual basis did not exist to initiate the set-off transfers. *Cf.* Compl. at ¶ 82. By not bringing an action for breach of contract, Plaintiff is circumventing his burden to indicate what provision of the contract BANA allegedly breached. Accordingly, BANA requests

**LIEBLER, GONZALEZ & PORTUONDO**
Courthouse Tower - 25th Floor, 44 West Flagler Street, Miami, FL 33130 (305) 379-0400

CASE NO: 26-CV-01354-AGM-DCI

that this Court dismiss Plaintiff's claim for declaratory judgment *with prejudice*, as any further amendment would be futile.

**C. Additionally, to the Extent the Court Dismisses the EFTA Claim, Then This Court Does Not Have Subject Matter Jurisdiction Over Plaintiff's Declaratory Judgment Act Claim and It Should Be Dismissed For that Reason Also.**

If this Court dismisses Plaintiff's claim for violation of the EFTA in Count I, it must also dismiss Count II for lack of subject matter jurisdiction. Federal courts have found that "Declaratory Judgment Act claims, without another basis for jurisdiction, cannot support the district court's jurisdiction." S*imi Inv. Co. v. Harris County*, 236 F.3d 240, 247 (5th Cir. 2000); *see also*, *Lawson v. Callahan*, 111 F.3d 403, 405 (5th Cir. 1997) ("It is well settled that the Declaratory Judgment Act does not confer subject matter jurisdiction on a federal court where none otherwise exists."); *Singh v. Neufeld*, 2006 U.S. Dist. LEXIS 76810, at *2 (M.D. Fla. Feb. 16, 2006) ("The Declaratory Judgment Act does not provide this Court with subject matter jurisdiction."); *Persaud v. Bank of N.Y. Mellon*, No. **6:25-cv-244-AGM-DCI**, 2025 U.S. Dist. LEXIS 594291, at *8 (M.D. Fla. Nov. 13, 2025) (same). Here, Plaintiff's only basis for subject matter jurisdiction is its federal law claim under the EFTA (Count I). Accordingly, if this Court grants dismissal for Count I, it must also dismiss Count II of the Complaint for lack of subject matter jurisdiction.

**LIEBLER, GONZALEZ & PORTUONDO**
Courthouse Tower - 25th Floor, 44 West Flagler Street, Miami, FL 33130 (305) 379-0400

**CASE NO: 26-CV-01354-AGM-DCI**

WHEREFORE, Defendant Bank of America N.A. respectfully requests that this Court dismiss the Complaint, and grant any other further relief as this Court deems just and proper.

Respectfully submitted,

/s/ *Marc T. Parrino*
MARC T. PARRINO
Florida Bar No. 18197
Email: mtp@lgplaw.com
SAHILY SERRADET
Florida Bar No. 077620
E-mail: ss@lgplaw.com
*Attorneys for Bank of America, N.A.*
**LIEBLER, GONZALEZ & PORTUONDO**
Courthouse Tower - 25th Floor
44 West Flagler Street
Miami, FL 33130
Telephone: (305) 379-0400
Fax: (305) 379-9626

## LOCAL RULE 3.01(g) CERTIFICATE

I HEREBY CERTIFY that counsel for BANA attempted to confer with Plaintiff via the e-mail address appearing on Plaintiff's Complaint (litigation@civfilings.com) on July 17, 2026, and received a notification that the e-mail was not delivered. Counsel for BANA also attempted to call Plaintiff twice on July 17, 2026 via telephone and was instantly sent to voicemail.

**LIEBLER, GONZALEZ & PORTUONDO**
Courthouse Tower - 25th Floor, 44 West Flagler Street, Miami, FL 33130 (305) 379-0400

**CASE NO: 26-CV-01354-AGM-DCI**

## <u>CERTIFICATE ON ARTIFICIAL INTELLIGENCE</u>

I certify that I have reviewed the Standing Order Requiring Disclosure of the Use of Artificial Intelligence. With regard to BANA's Motion to Dismiss, I confirm under penalty of perjury and after diligent inquiry that artificial intelligence was not used in the preparation of the filing.

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 15th day of July, 2026, I electronically caused the foregoing document to be filed with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record in the manner specified via transmission of Notices of Electronic Filing generated by CM/ECF.

*/s/ Marc T. Parrino*
MARC T. PARRINO