**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**BENJAMIN D. TARVER,**

**Plaintiff,**

**v.**

**BANK OF AMERICA, N.A.,**

**Defendant.**

**Case No.: 6:26-cv-01354-AGM-DCI**

# Uniform Case Management Report

The goal of this case management report is to "secure the just, speedy, and inexpensive determination of" the action. *See* Fed. R. Civ. P. 1. Under Local Rule 3.02(a)(2), this case management report should be used in all civil cases except those described in Local Rule 3.02(d). Individual judges may have additional case management preferences that can be found under each judge's name on the Court's website, flmd.uscourts.gov/judges/all.

## 1. Date and Attendees

The parties may conduct the planning conference "in person, by telephone, or by comparable means[.]" *See* Local Rule 3.02(a)(1).

The parties conducted the planning conference on August 10, 2026. Pro se Plaintiff Benjamin Tarver and Counsel for Defendant, Marc T. Parrino, attended the conference.

## 2. Deadlines and Dates

The parties request these deadlines and dates:

| **Action or Event** | **Date** |
|---|---|

| | |
|---|---|
| Deadline for providing mandatory initial disclosures. *See* Fed. R. Civ. P. 26(a)(1). | 8/24/2026 |
| Deadline for moving to join a party, *see* Fed. R. Civ. P. 14, 19, and 20, or amend the pleadings, *see* Fed. R. Civ. P. 15(a). | 9/15/2026 |
| Deadline for serving expert disclosures under Rule 26(a)(2), including any report required by Rule 26(a)(2)(B).<br>Plaintiff | 3/2/2027 |
| Defendant | 3/30/2027 |
| Rebuttal | 4/27/2027 |
| Deadline for completing discovery and filing any motion to compel discovery. *See* Fed. R. Civ. P. 37; *Middle District Discovery* (2021). | 6/29/2027 |
| Deadline for moving for class certification, if applicable. *See* Fed. R. Civ. P. 23(c). | N/A |
| Deadline for filing any dispositive and *Daubert* motion. *See* Fed. R. Civ. P. 56. (Must be at least five months before requested trial date.) | 6/29/2027 |
| Deadline for participating in mediation. *See* Local Rules, ch. 4.<br>Andy Hament, ADRsource, LLC, 1345 N. Highway A1A, Apt. 206, Indialantic, Florida Tel. 888-741-2224 | 6/29/27 |
| Date of the final pretrial meeting. *See* Local Rule 3.06(a). | 8/22/2027 |
| Deadline for filing the joint final pretrial statement, any motion in limine, proposed jury instructions, and verdict form. *See* Local Rule 3.06(b). (Must be at least seven days before the final pretrial conference.) | 8/29/27 |
| Date of the final pretrial conference. *See* Fed. R. Civ. P. 16(e); Local Rule 3.06(b). | 9/5/2027 |
| Month and year of the trial term. | October 2027 |

The trial will last approximately 1-2 days and be

☒ jury.*

☐ non-jury.

## 3. Description of the Action

Plaintiff brings this action under the Electronic Fund Transfer Act ("EFTA"), 15 U.S.C. §§ 1693 et seq., and Regulation E, 12 C.F.R. Part 1005, arising from Defendant's handling of Plaintiff's notice of an alleged ATM error. Plaintiff alleges that Defendant accepted and processed the notice, opened a claim, issued provisional credit, denied the claim, and later removed the provisional credit, but failed to provide the required two-business-day provisional-credit notice, an adequate written explanation of its findings, and the mandatory five-business-day account protection notice. Plaintiff further alleges that Defendant failed to conduct a reasonable and good-faith investigation by treating transaction approval coding as conclusive evidence that the ATM physically dispensed the disputed cash. Plaintiff alleges that Defendant's conduct was knowing, intentional, reckless, and not the result of a bona fide error. Plaintiff seeks actual damages, statutory damages, treble actual damages where authorized, costs, pre-judgment and post-judgment interest, and other relief permitted by law.

Defendant denies Plaintiff's allegations, denies that it violated the EFTA or Regulation E, and denies that Plaintiff is entitled to the relief requested. Defendant contends that it complied with its applicable legal obligations and further disputes liability, causation, damages, willfulness, the adequacy of its investigation and notices, and Plaintiff's entitlement to statutory or treble damages.

## 4. Disclosure Statement

☒ Each party has filed a disclosure statement using the required form.

* BANA contends that Plaintiff waived his right to jury trial pursuant to the terms of the Deposit Agreement and will be filing a Motion to Strike the Demand for Jury Trial.

## 5. Related Action

☒ The parties acknowledge their continuing duty under Local Rule 1.07(c) to notify the judge of a related action pending in the Middle District or elsewhere by filing a "Notice of a Related Action." No notice need be filed if there are no related actions as defined by the rule.

## 6. Consent to a Magistrate Judge

"A United States magistrate judge in the Middle District can exercise the maximum authority and perform any duty permitted by the Constitution and other laws of the United States." Local Rule 1.02(a). With the parties' consent, a district judge can refer any civil matter to a magistrate judge for any or all proceedings, including a non-jury or jury trial. 28 U.S.C. § 636(c).

The Court asks the parties and counsel to consider the benefits to the parties and the Court of consenting to proceed before a magistrate judge. Consent can provide the parties certainty and flexibility in scheduling. Consent is voluntary, and a party for any reason can decide not to consent and continue before the district judge without adverse consequences. *See* Fed. R. Civ. P. 73(b)(2).

☐ The parties do consent and file with this case management report a completed Form AO 85 "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge," which is available on the Court's website under "Forms."

☒ The parties do not consent.

## 7. Preliminary Pretrial Conference

☒ The parties do not request a preliminary pretrial conference before the Court enters a scheduling order.

☐ The parties do request a preliminary pretrial conference, and the parties want to discuss enter discussion points.

## 8. Discovery Practice

The parties should read the Middle District Discovery Handbook, available on the Court's website at flmd.uscourts.gov/civil-discovery-handbook, to understand discovery practice in this District.

☒ The parties confirm they will comply with their duty to confer with the opposing party in a good faith effort to resolve any discovery dispute before filing a motion. *See* Local Rule 3.01(g); *Middle District Discovery* (2021) at § I.A.2.

**9. Discovery Plan**

The parties submit the following discovery plan under Rule 26(f)(2):

A. The parties agree to the timing, form, or requirement for disclosures under Rule 26(a):

☒ Yes.
☐ No; instead, the parties agree to these changes:

B. Discovery may be needed on these subjects:

Plaintiff: Plaintiff anticipates obtaining the evidence necessary to support his claims primarily from third parties and does not currently expect to serve requests directly on Defendant. Plaintiff reserves the right to seek information from Defendant if necessary based on its pleadings, defenses, disclosures, third-party productions, or other developments in the case.

Plaintiff is not seeking damages for emotional distress, mental anguish, humiliation, embarrassment, reputational injury, reduced credit score, denial of credit, lost wages, diminished earning capacity, general financial hardship, the monetary value of personal time, or comparable personal or noneconomic harm. Except for any specific economic loss expressly alleged in the operative complaint, Plaintiff is not placing his medical, psychological, employment, income, general financial, unrelated credit, or personal history at issue as a component of damages.

Discovery directed solely toward those disclaimed categories is not relevant to any damages theory Plaintiff is pursuing, and Plaintiff will object to such discovery. Plaintiff's claims and anticipated discovery instead concern Defendant's conduct, records, procedures, systems, communications, investigations, compliance practices, defenses, willfulness, recklessness, and any systemic aspects of the alleged violations.

<u>Defendant</u>:

Defendant intends to seek discovery related to the allegations of Plaintiff's Complaint including, but not limited to, documents relating to the disputed transaction and any claims for damages that Plaintiff is making.

C. Discovery should be conducted in phases:

☒ No.
☐ Yes.

D. Are there issues about disclosure, discovery, or preservation of electronically stored information?

☒ No.
☐ Yes.

E. ☒ The parties state the following views and proposals on any issues about claims of privilege or of protection as trial-preparation materials, including the timing and method for complying with Rule 26(b)(5)(A), Federal Rules of Civil Procedure, and—if the parties agree on a procedure to assert these claims after production—whether to ask the Court to include any agreement in an order under Rule 502(d), Federal Rules of Evidence:

<u>Plaintiff's position:</u> Plaintiff does not currently anticipate seeking discovery from Defendant and therefore does not believe that any special privilege-log, clawback, or Rule 502(d) procedure is necessary at this time. Plaintiff will comply with the Federal Rules if any privilege or work-product issue arises.

Defendant's position: Based upon the nature of the issues in this case and Plaintiff's representations about this discovery it intends to seek, Defendant does not believe that any claims of privilege or protection as to trial-preparation materials will arise. However, Defendant reserves the right to revise its position as the case proceeds.

F. The parties stipulate to changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure and Local Rule 3.04 or other limitations:

☒ No.
☐ Yes.

**10. Request for Special Handling**

☒ The parties do not request special handling.

☐ The parties request special handling. Specifically, describe requested special handling.

☐ Enter party's name unilaterally requests special handling. Specifically, describe requested special handling.

**11. Certification of familiarity with the Local Rules**

☒ The parties certify that they have read and are familiar with the Court's Local Rules.

**12. Signatures**

| | |
|---|---|
| */s/ Benjamin D. Tarver* | */s/ Marc T. Parrino* |
| Benjamin Tarver | Counsel for Defendant |
| Plaintiff, *Pro Se* | Bank of America N.A. |

**Plaintiff's Certification Under Penalty of Perjury That Artificial Intelligence Was Used in the Preparation of This Filing**

I have reviewed the Standing Order Requiring Disclosure of the use of artificial intelligence. Artificial intelligence was used in the preparation of this filing in the following way: Artificial intelligence was used to assist with drafting, editing, formatting, grammar review, and

organization of this filing. However, under penalty of perjury, I certify that before filing, I personally reviewed Rule 11 of the Federal Rules of Civil Procedure and I personally read every case. I understand that if a case upon which I rely does not exist or does not reasonably stand for the cited proposition, the Court may treat this as a violation of Rule 11 of the Federal Rules of Civil Procedure. I have reviewed Rule 11 of the Federal Rules of Civil Procedure and I understand that this rule applies equally to counsel and unrepresented parties, that as the person signing this filing I am the person who will be held responsible for its contents even if it was prepared by someone else, and I am familiar with the sanctions available for violations of Rule 11. If this certification is made by counsel, I further understand that citation to a case that either does not exist or does not reasonably stand for the cited proposition may be treated as a violation of my oath of candor toward the tribunal and a basis on which my admission to practice in the Middle District of Florida could be revoked or suspended. Further, whether I represent myself or I am an attorney representing a client, I understand that by making this certification under penalty of perjury I could be referred for criminal prosecution if the statements I make here are false.

## Bank of America N.A.'s Certification Under Penalty of Perjury That Artificial Intelligence Was Not Used in the Preparation of This Filing

I have reviewed the Standing Order Requiring Disclosure of the use of artificial intelligence. After diligent inquiry and under penalty of perjury, I certify that **Bank of America N.A. did not utilize artificial intelligence** in the preparation of this filing in any way. I understand that, whether I represent myself

or I am an attorney representing a client, I have an affirmative obligation to read each case cited in this filing. If I fail to do so and a case upon which I rely does not exist or does not reasonably stand for the cited proposition, I understand that the Court may treat this as a violation of Rule 11 of the Federal Rules of Civil Procedure. I have reviewed Rule 11 of the Federal Rules of Civil Procedure and I understand that this rule applies equally to counsel and unrepresented parties, and I am familiar with the sanctions available for violations of Rule 11. If this certification is made by counsel, I further understand that citation to a case that either does not exist or does not reasonably stand for the cited proposition may be treated as a violation of my oath of candor toward the tribunal and a basis on which my admission to practice in the Middle District of Florida could be revoked or suspended. Further, whether I represent myself or I am an attorney representing a client, I understand that by making this certification under penalty of perjury I could be referred for criminal prosecution if the statements I make here are false.

*/s/Marc T. Parrino*__________________
MARC T. PARRINO